MARY S. CLENDANIEL *vs.* DAVID B. BENNETT.

1. TRESPASS—INJURY TO REAL PROPERTY—POSSESSION.

Plaintiff cannot recover in trespass to real property, in the absence of proof that she was in actual possession at the time of the alleged trespass.

2. TRESPASS—EVIDENCE—POSSESSION.

In trespass to real property, evidence *held* insufficient to warrant a finding that plaintiff was in actual possession at the time of the trespass.

(*February* 12, 1913.)

Judges BOYCE and CONRAD sitting.

*Andrew J. Lynch* and *John M. Richardson* for plaintiff.

*Robert C. White* (*of White and Tunnell*) for defendant.

Superior Court, Sussex County, February Term, 1913.

ACTION OF TRESPASS by Mary S. Clendaniel against David B. Bennett, before a justice of the peace, for direct injuries to real property. Nonsuit ordered.

The plaintiff before the justice first filed a written statement under hand:

"That David B. Bennett, of Cedar Creek Hundred in the County of Sussex aforesaid on the thirteenth day of March in the year of our Lord one thousand nine hundred and eleven, at the county aforesaid, did then and there wilfully and unlawfully trespass upon the lands of the said Mary S. Clendaniel, situate in Cedar Creek Hundred aforesaid and did then and there make direct and immediate injuries to her said lands by cutting or felling certain trees standing or growing in the soil and attached to the freehold of the land of her the said Mary S. Clendaniel without her consent first had and obtained."

March 20, 1911, David B. Bennett, the defendant, appeared and did say "that the place wherein the above trespass is alleged is the freehold of Alice Bennett, the defendant's wife, under whom he claims and prays that this cause may be tried in the Superior Court, and thereupon J. Harry Reed, and J. Wilbur Hammond became bound to the plaintiff in the sum of one hundred dollars that the damages and costs which she may recover in said court shall be satisfied."

Whereupon the justice certified the record of the action to this court for trial, under *Section 4, Revised Code* 768.

The case was pleaded to issue as other causes in this court.

When the plaintiff had rested, counsel for defendant moved for a nonsuit upon the following grounds:

1. That the plaintiff had not proved a paper title.

2. That she had not proved herself in possession of the lands, which is necessary to sustain an action for trespass. *Clark v. Hill*, 1 *Harr*. 335.

The facts and questions presented appear in the opinion of the court.

BOYCE, J., delivering the opinion of the court:

[1] It is necessary to prove possession in order to maintain trespass. Whether the plaintiff has shown a legal title to the land

in dispute, in this action, is unimportant if unaccompanied by an actual possession at the time of the alleged trespass. *Clark v. Hill*, 1 *Harr*. 335.

[2] The plaintiff is in possession of her farm, lying on the public road, shown on the plot in evidence, to the north line of said road. The deed for her farm describes the line between it and the Bennett farm as being on the "north side" of said road. Contention is made for the defendant that the "north side" of said road means the "north edge" thereof, making the latter the division line between the two farms. The plaintiff contends that said line extends beyond the north edge of the road to the cleared land of the Bennett farm, embracing a strip of woodland lying between the road and the line of the Bennett land.

It is this strip of woodland which represents the land in dispute.

Besides the paper title shown, the acts of possession relied upon by the plaintiff are that some years ago Bennett was about to cut timber on the disputed premises and the husband of the plaintiff ordered him off and forbade his cutting any of the timber; that on two occasions a few loads of dirt were hauled from the northerly side of the road for filling in around plaintiff's carriage house; and that a son of the plaintiff, in the lifetime of his father, cut some rat poles on the *locus in quo*, apparently without the knowledge or order of the father.

It is shown that Bennett some twelve years ago without let or hindrance of the plaintiff, or her husband, the then owner of the farm, erected a wire fence between his cleared land and the northerly side of said road for the purpose of pasturing, and that the fence was thereafter maintained for said purpose to, and since, the time of the alleged trespass which was committed on that portion of the said strip of woodland lying between said fence and the cleared land of Bennett, who was, at the time, by reason of said fence, in possession thereof which has not been divested by any acts of occupancy shown on the part of the plaintiff.

There is, in this case, no question of mixed possession, or joint occupancy.

The plaintiff having failed to show any actual possession, she cannot have a recovery in this action, and a nonsuit is ordered.